FILED
DEC 27 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

Richard Larance Ford, III, §
§
    Plaintiff, §
§
v. §  Civil Action No. W05CA148
§
Equifax Information Services, LLC, §
CSC Credit Services and Experian §
Information Solutions, Inc., §
§
    Defendants. §

## MOTION TO COMPEL OF DEFENDANT
## EXPERIAN INFORMATION SOLUTIONS, INC.

Having exhausted all other options, Defendant Experian Information Solutions, Inc. ("Experian") respectfully requests an order compelling Plaintiff to immediately provide verified interrogatory responses in accordance with Federal Rule of Civil Procedure 33(b) and Western District of Texas, Local Rule CV-33(a), and awarding such other relief as the Court deems appropriate. Nearly three months have passed since Experian served its First Set of Interrogatories, and, despite repeated requests, Plaintiff has failed to provide the required verification.

More specifically, Experian respectfully shows the Court as follows:

1. On September 29, 2005, Experian served its First Set of Interrogatories by mail. Plaintiff's responses, therefore, were due to be served on or before November 1, 2005.

2. Plaintiff was unable to meet the November 1 deadline and Experian agreed to multiple extensions of Plaintiff's response deadline. On November 15, 2005, Plaintiff served his Responses to Experian's First Set of Interrogatories ("Responses").

ATI-2205223v1                                    -1-

3. Plaintiff's Responses did not include a verification. In a letter, dated November 15, 2005, Plaintiff's attorney stated that he would provide the verification "as soon as possible." (*See* Exhibit 1, attached.)

4. When a party is unable to verify the responses at the time of their service, the Local Rule provides that "the attorney may serve the responses without the party's signature if an affidavit is served simultaneously stating that properly executed responses to interrogatories will be filed within twenty (20) days." Plaintiff's unverified Responses did not include the affidavit required by the Local Rule.

5. After receiving Plaintiff's unverified Responses, Experian wrote to Plaintiff's counsel concerning the missing affidavit. Attempting to cooperate, Experian stated, in a letter dated November 18, 2005, that it would agree not to insist on the required affidavit *if* Plaintiff's counsel would merely confirm in writing that he would serve the required verification within twenty days from the date of the original responses (*i.e.,* on or before December 5, 2005). (See Exhibit 2, attached.)

6. To this date, Plaintiff has not responded to Experian's November 18 letter. He has also failed to supply a verification.

7. In a second letter, dated December 13, 2005, Experian again notified Plaintiff that it had not received verified Responses and asked that the verification be supplied on or before Friday, December 16, 2005. Experian informed Plaintiff's counsel that, if a verification was not supplied by that date, Experian would file a Motion to Compel. (*See* Exhibit 3, attached.)

8. Plaintiff has failed to respond to Experian's December 13 letter. He has still not supplied an affidavit or verification.

9. More than twenty days have passed since the service of the unverified Responses.

Plaintiff's obligation is clear, as is his breach of that obligation. Pursuant to Federal Rule of Civil Procedure 33(b) and the Local Rule, Plaintiff was required to serve properly verified interrogatory responses no later than December 5, 2005. He has ignored that obligation, despite repeated reminders and requests.

WHEREFORE, Experian respectfully requests entry of an order compelling Plaintiff to immediately provide verified interrogatory responses and awarding such other relief as the court deems appropriate.

Dated: December 21, 2005            Respectfully submitted,

```
                                    _____
                                    Jana K. Limer
                                    Texas Bar No. 24013042
                                    JONES DAY
                                    2727 N. Harwood
                                    Dallas, TX 75201
                                    Telephone: (214) 220-3939
                                    Facsimile:  (214) 969-5100

                                    Craig L. Uhrich
                                    Texas Bar No. 24033284
                                    JONES DAY
                                    2727 N. Harwood
                                    Dallas, TX 75201
                                    Telephone: (214) 969-3756
                                    Facsimile:  (214) 969-5100

                                    Lucas W. Andrews
                                    (admitted *pro hac vice*)
                                    Georgia Bar No. 019533
                                    JONES DAY
                                    1420 Peachtree Street N.E., Ste. 800
                                    Atlanta, GA 30309
                                    Telephone: (404) 521-3939 x-48054
                                    Facsimile:  (404) 581-8330

                                    *Attorneys for Defendant*
                                    *Experian Information Solutions, Inc.*
```

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I certify that I have attempted to resolve this issue with Plaintiff, but have been unsuccessful. Specifically, I certify that I sent a letter, dated November 18, 2005, to Plaintiff notifying him of the problem and offering to waive the required affidavit if Plaintiff's attorney confirmed that properly executed interrogatory responses would be filed within twenty days. Additionally, I certify that my colleague Lucas W. Andrews sent a letter, dated December 13, 2005, notifying Plaintiff of this problem. Plaintiff did not respond to either letter. As we were unable to reach agreement on the issue, the Court's intervention is required.

Craig L. Uhrich

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2005, I served a true and correct copy of the foregoing Motion to Compel of Defendant Experian Information Solutions, Inc. by mailing same, postage prepaid and properly addressed to:

Cassie Gresham
BRAUN & ASSOCIATES
14101 Highway 290W
Suite 400C
Austin, TX 78737
*Attorney for Plaintiff*

Barbara M. Ellis
LOCKE LIDDEL & SAPP, L.L.P.
100 Congress Avenue
Suite 300
Austin, Tx 78701-4042
*Attorney for Defendant*
*Equifax Information Services, LLC*

(certified article #: 7160 3901 9849 0681 4309)
Christopher E. Kittell
Webster Gresham & Kittell
144 Sunflower Avenue
P.O. Drawer 760
Clarksdale, MS 38614
*Attorney for Plaintiff*

Allison L. Bowers
BAKER BOTTS
98 San Jacinto Blvd.
Suite 1600
Austin, TX 78701
*Attorney for Defendant*
*CSC Credit Services*

Chad Pinson
Van H. Beckwith
Jeffrey Moles
BAKER BOTTS, LLP
2001 Ross Avenue
Suite 600
Dallas, TX 75201
*Attorney for Defendant*
*CSC Credit Services*

Craig L. Uhrich
Texas Bar No. 24033284

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED AND CONTAINED IN CASE FILE

Civil Case No.        W-05-CA-148

RICHARD FORD, III

VS.

EQUIFAX INFORMATION SVCS., ET AL

Attachments to
Document #:          38

Description:         MOTION TO COMPEL

Filed By:            DFT EXPERIAN

File Date:           12/27/05

_____
DEPUTY CLERK